Mr. Raven, when you're ready, please come forward. Good morning. Good morning, Sean Raven for Mr. Rudy Bullock, appearing pro bono. May it please the court, the issue before the court is whether or not under Roberson, the Veterans Court should have looked at the evidence that was submitted prior to the claim for increased compensation to determine whether or not there is evidence of unemployability. To determine whether or not Mr. Bullock's claim for increase also included his, the issue of entitlement to a total disability rating based on individual unemployability, which is also known as TDIU. What evidence is there in the record, evidence of unemployability, if any, subsequent to the last decision, the decision in, I believe, March of 2000, when the request for TDIU was denied? Subsequent or? Subsequent. Okay. In other words, what, obviously some evidence was considered at that time and there was a determination that Mr. Bullock was not entitled to a TDIU. So the question I have is what evidence of unemployability was submitted thereafter that makes this a new case deserving of a new consideration? There is a, I understand your question. The question is whether or not Mr. Bullock was required to submit new evidence of unemployability or whether or not the record before the agency under 7104 contains all of the evidence, including the application for TDIU. What I'm asking for specifically is not what's required or what's contained in the record, but what evidence, if any, was presented after the determination in 2000 that he was not entitled to a TDIU rating. I would concede that the pro se litigant, Mr. Bullock, did not submit any statement, any evidence or any medical evidence of unemployability after he filed a new claim. So what would then trigger the Roberson evaluation of his claim? When Mr. Bullock disagreed with the disability rating after they had assigned him a 30% rating for his skin disability, he disagreed with the disability rating assigned. And under the law, when there is a disagreement for the disability rating, a veteran is presumed to be arguing for the highest disability rating available. And at that point, the secretary has to review all the evidence of record in the claim file, which is very thick and contained. But does the secretary have to reopen something which became final in 2000 when that evidence was considered and found insufficient to establish TDIU? A claim for increase is not a reopen. Every claim for increase is a new claim. And every document which is in a claim... I understand it's a new claim, but this exact same claim was rejected in 2000. You just responded to Judge Lynn that there was no new evidence. So what you're saying is that even though the evidence is exactly the same as it was in 2000, it has to be considered again. There's no finality here. There is no finality in increased rating claims because every increased claim is a new claim, and they have to consider all the evidence of record. That would work, but for the fact that there is already a decision on TDIU in his record, which was never appealed, right? You agree. And at some point, that closes the record on that issue. Otherwise, there's no such thing as res judicata in veterans law, which is not quite true. I mean, I appreciate your problem, and I appreciate what you're trying to do with all of this, and you've got statutes that you can work around, but the problem is that you've got a decision of record on your particular point which closes the record at that point. Now, the question Judge Lynn and Judge Dyke are pointing to is, if we read it that way, has anything new been brought into the record since that 2000 decision? And I take it the answer is no. The answer is there is no new evidence. However, a veteran does not need to submit new evidence to file a claim for increase. It's a new claim. It's not a reopened claim. It's a claim under 3.156. But the issue before us is not increase. The issue before us is TDIU. A claim for increase, there is no such thing as a claim for TDIU. There's a claim for increased compensation, which includes the issue of what disability rating, including whether a veteran is entitled to the total disability rating. And so it's a new claim, and they have to look at all the evidence, all the medical evidence. But this would just be rehashing what has already been decided, right? If there's nothing new, then this was simply sort of a, it seems to be some artificial construct that suggests that under these circumstances, every time there's a request for an increase, you go back and take a look again at what's already been decided on the evidence that's already in the record to presumptively reach the same answer. VA has to look at all the evidence, even under its regulations of 4.1. So if we agree with you in this case and we send it back, and we say, VA, okay, you've got to consider all the evidence. They look at it. They say, no, we don't think this evidence establishes TDIU. The veteran can come in the next day and reapply again based on the same evidence. I will go through the same process again and again and again. That's your theory, right? He's permitted to file any claim for TDIU. But am I not correct that he can do it again and again and again without limit? Yes, that's the veteran's system. What happens to the Q doctrine under your theory? Do we ever need to worry about Q anymore? No, yes, you do need to consider clear and unmistakable error in a final decision. The TDIU decision in 2000 was final. That's correct. However, clear and unmistakable error is revision of a final decision. That decision is final, and it would only be based on the evidence of record at the time of the decision and before that. But veterans submit claims for increase all the time without submitting new and material evidence. They're not required to. But under your theory, all the evidence that was final in 2000 is now non-final because he submitted a claim for increase. Is that right? That's correct. Because, for example, a veteran's status eligible for benefits for an honorable discharge is the first thing that VA collects. It's a DD-214. It says whether a veteran has honorable service. Each time a veteran submits a claim, the veteran does not need to submit the DD-214 because that's already established. That's evidence of record in the claim file. The evidence, even under 4.1 in this court's decision in Moore, VA must look at evidence that predates a claim, as in Moore, including the medical evidence. Yeah, but in Moore there was new evidence. I'm sorry? There was new evidence in Moore. It wasn't just looking at old evidence again. But Moore deals with evidence that predates the claim. Yes. They said that when you have new evidence, you've got to consider the whole record in the light of the new evidence. It does not support your proposition that based on exactly the same evidence, there's a right to come in and have a new claim considered seriatim again and again and again on the merits. Every claim for increase is a new claim. It does not need to be reopened with new and material evidence under 3.156. However, because it's a new claim, all evidence of record under 7104 has to be considered. There is no finality of evidence. There is a finality of claims. So the claim is final, but all the evidence has to be considered prior to that. Social security records that were collected in a previous and final decision have to be considered. So all the evidence has to be considered when deciding whether or not a veteran is entitled to an increase. But the issue is whether or not there is evidence of unemployability. And in this case, Mr. Bullock had been on social security disability for over 10 years and had been unemployed at the time that he filed his claim for increase. So to ask him to resubmit that information would be the same evidence that he was unemployed. Okay. Thank you. All right. We'll reserve your time. Let's hear from the government. Ms. Goodman. Good morning. Good morning. May it please the Court, the decision of the Veterans Court should be affirmed because Do you agree that if there were new evidence here bearing on the question that the VA would have to look at the claim in the light of both that new evidence and the old evidence that was found insufficient in 2000? Yes, Your Honor. If new evidence was submitted of unemployability because of a service-related condition, then the VA would be required to take the record as a whole and to look at how that compares to what initially was submitted regarding his unemployability. So if he had medical evidence some doctor could say, if some doctor could say that his skin condition has worsened, the skin condition related to his service has now worsened to the point where it's interfering with his life functions or whatever, he could then come in and reopen the case and say, now look at TDIU questions and look at the whole record. Is that right? Is that how the system works? Yes. If the medical record said that it was interfering with his life to the extent that there was interference with his employability or interference with his ability to secure or obtain a job, if it simply said that the skin condition was worsening, which is essentially what had happened here, he's looking for an increased disability rating because the skin condition has gotten worse because it's covering more of his body, which is what the schedule provides for an increased disability rating, then there is no requirement to conduct a TDIU analysis because there is no evidence of unemployability because of a service-related condition. But you would agree with me, I think, that if he came in for an increased rating and submitted evidence to show that his skin condition has gotten worse and then informally or otherwise indicated that he has been unable to get a job or hold a job for the past two months because of this skin condition, that would be enough to trigger Roberson, correct? Absolutely, Your Honor. Under Roberson, the duty for the VA to assist a claimant and to interpret either evidence in the record or in his claim is there and would be triggered if there was any evidence either in the medical record or in his claim that as a result of the worsening skin condition he was now unemployable. So the distinction here is that there's no new evidence, the only evidence is the evidence that was already considered and found inadequate in 2000. Correct. In fact, the only evidence at all of unemployability in Mr. Bullock's record was the evidence in the medical record back in 1999. Under Judge Lynn's hypothetical that there is new evidence relating to unemployability, does that become a motion to reopen based on new and material evidence or is that a new claim? It would depend how the claimant would frame it. And it would depend on when that information became relevant. If the doctor visit was recent and that this information was recent, then he would be looking for an increased disability rating and a TDIU evaluation based on this new information. If this was new and material evidence that dated back to the time when this decision was made and this decision was final, perhaps the hypothetical would be, that could be a place to reopen it under Cook and under the rule of finality. That's sort of confusing because it could make a difference whether this is treated as a new claim where the new evidence and the old evidence has to be considered together or whether he has to satisfy the requirements for reopening based on new and material evidence. I'm not clear which it is or which situation would fall into which category. Well, in this case, the medical evidence from 1999 was considered by the VA, was decided in an RO decision that was not appealed and became final. But is what you're saying that if the evidence was pre-2000, if the new evidence was pre-2000, then it would have to be a new and material evidence claim, but if it was post-2000 it could support a new claim? Is that what you're saying? Yes. If the evidence had been something that the VA should have considered at the time that it made that determination, then that would be something to revisit that decision. Based on a new and material evidence? Correct. Or under if there was a CUE claim for that 2000 decision. That has not happened here. What happened here was he submitted medical evidence in 1999. The RO made a decision on that stating that there was not evidence that his unemployability was due to a service-related condition. It was due to his hypnecrosis, which was not considered a service-related condition. And that RO decision was never appealed. So it became final in 2000. He's now seeking an increased disability rating, which is a new claim and is not seeking to reopen the decision that's final. It's not seeking to undercook, under the rule of finality, to reopen that claim. But rather it's just an increased disability rating. And so what's being considered now is the record that's before the VA at this time, which does not involve evidence of any unemployability due to a service-related condition. So under Roberson, it's not triggered because there is no evidence of that unemployability. Second, even if there was an obligation for the VA to expressly do a TDIU evaluation, that analysis in this case would be harmless. Because as found by the VA in Thun, the 4.16 analysis is a stronger and higher burden to meet than the 3.321 analysis. And the 3.321 analysis for extra schedule or consideration was evaluated in this case. Mr. Bullock was denied extra schedule or consideration, and therefore he would also be denied that under the higher standard in 4.16. But aren't those two considerations different considerations? There's some overlap, but aren't they really two considerations addressing two different situations? They are two different considerations. But when they look at unemployability as the extra schedule or evaluation or the TDIU consideration, the 3.321 says there must be marked interference with employment. And that is a lower burden to meet than the 4.16, which is unable to secure or follow substantially gainful employment. It's a higher burden to meet. And in Thun, that's exactly what the Veterans Court says, is that 4.16 is a higher burden. So while they are different, if you can't meet 3.321, you're not going to meet the higher burden in 4.16. For these reasons, we ask that the decision of the Veterans Court be affirmed. Thank you very much. Mr. Raven, any comments in response? Mr. Raven, I hope you paid close attention to the colloquy we had with government counsel on the evidentiary requirements and on the procedural requirements to get a remedy that you're seeking. I did, Your Honor, but I would address again that it is a new claim. And once you file a new claim, the board and the agency has to consider all evidence of record. And that's why if you are looking at the appendix at the Veterans Court decision, when they cite to evidence that preexisted this claim for increase, it's cited as record add. And that's because under 7104, all evidence, once you file a new claim, VA has to consider all evidence of record, not just the evidence that was submitted after the new claim. But in regards to the counsel saying that this would be non-prejudicial error, there's a distinction between 3.321B and 4.16. 3.321B is for extra-schedule consideration of a disability. It's for an extra-schedule evaluation of a disability like a skin condition. 4.16 is about unemployability related to all service-connected disabilities. In Mr. Bullock's case, Mr. Bullock was service-connected for retinal detachment at 40% disabling, skin condition, which was rated as 60% disabling, and hemorrhoids, which were 0% disabling. So even though the board had found that there's no evidence that his skin condition rendered him unemployed, that caused marked interference in employment, that's a different analysis than under 4.16. I have nothing further, but I would ask that the courts consider and reverse and remand this decision of the Veterans Court. Thank you. Thank you very much. Thank you, counsel, for both sides.